# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **NOBLE CAPTIAL FUND MANAGEMENT, LLC, TXPLCFQ, LLC, and TXPLCFNQ, LLC,**<br>*Plaintiffs*<br><br>v.<br><br>**US CAPITAL GLOBAL INVESTMENT MANAGEMENT, LLC** *f/k/a* **US CAPITAL INVESTMENT MANAGEMENT, LLC,**<br>*Defendant* | Case No. 1:20-CV-01247-RP |

## ORDER

Now before the Court are Plaintiff's Motion for Substitute Service of Process, filed November 9, 2022 (Dkt. 58); Defendant's Emergency Opposed Expedited Motion for Protective Order, filed November 14, 2022 (Dkt. 60); Plaintiff's Opposed Motion to Compel Deposition of Patrick Steele, filed November 23, 2022 (Dk. 73); and the associated response and reply briefs. By Text Orders issued on November 15 and November 28, 2022, the District Court referred the motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I. Background

**A. Factual Background**

Plaintiff Noble Capital Fund Management, LLC ("Noble") is a private lender to residential real estate developers in Texas. Defendant US Capital Global Investment Management, LLC f/k/a US Investment Management, LLC ("US Capital") is part of a conglomerate of investment advisors and registered broker dealers.

1

In 2017, Noble and US Capital agreed to create a limited partnership investment fund called the US Capital/Noble Capital Texas Real Estate Income Fund LP ("Fund") for the purpose of investing in private lending projects in Texas. To create the Fund, Noble investors placed $25 million in the feeder funds TXPLCFQ, LLC and TXPLCFNQ, LLC ("Feeder Funds"), and US Capital promised to supplement the Fund with money from "significant institutional investors." Plaintiff's Original Petition, Exh. A to Dkt. 1-3, ¶ 18 ("Complaint"). The parties' agreements contained arbitration clauses.

The relationship between the parties quickly soured. On January 15, 2019, Noble and the Feeder Funds initiated a JAMS arbitration against US Capital, alleging that US Capital engaged in fraud, mismanaged and converted the Fund's assets, attempted to usurp Noble's client network, and breached its contractual and fiduciary duties. While the arbitration was proceeding, the Fund sued Noble in the Northern District of California. That suit was stayed and consolidated with the JAMS proceeding.

On July 10, 2019, a JAMS arbitrator entered an Emergency Arbitrator's Award, in part enjoining US Capital from causing the Fund to use Fund money for its lawsuit or the outside investigation it was conducting into Noble. The Fund then filed a motion to clarify or modify the emergency arbitrator's partial award. On September 19 and 20, 2019, a JAMS panel conducted a hearing on the Fund's motion. In its Partial Final Award, the JAMS panel placed an immediate freeze on the Fund's remaining assets absent a further order.

A final JAMS hearing on the merits was set for January 2021. However, on August 11, 2020, the Fund claimed it could not pay its portion of the JAMS expenses due to the freeze imposed by the Partial Final Award and required an order directing Noble to pay the Fund's portion of the expenses. The Fund claimed that if Noble was not ordered to pay the Fund's cost, the arbitration

2

of the Fund's claims against Noble must be terminated so that the Fund could resume its litigation in federal court. Neither Noble nor US Capital paid the Fund's expenses in order to sustain the arbitration. The JAMS panel terminated the arbitration, and the arbitration was officially closed as of October 26, 2020.

### B. This Lawsuit

On November 24, 2020, Noble and the Feeder Funds ("Plaintiffs") filed this suit in Travis County District Court against US Capital, alleging fraud, conversion, breach of fiduciary duty, breach of contract, and tortious interference. Dkt. 1-3. US Capital removed the case to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). Dkt. 1. US Capital moved to compel arbitration and stay proceedings, or dismiss the action, or transfer venue to the Northern District of California. The District Court denied US Capital's motions, Dkt. 23, and the Fifth Circuit Court of Appeals affirmed. *Noble Cap. Fund Mgmt., L.L.C. v. US Cap. Glob. Inv. Mgmt., L.L.C.*, 31 F.4th 333, 337 (5th Cir. 2022).

The District Court entered a Scheduling Order on September 28, 2022, ordering that the parties would complete all discovery by December 15, 2022 and file all dispositive motions by December 30, 2022, and that the trial would commence on April 10, 2023. Dkt. 39.

On September 28, 2022, Plaintiffs filed an Amended Complaint alleging fraud, fraudulent inducement, conversion, breach of fiduciary duty, breach of contract, tortious interference, and conspiracy. Dkt. 40. Plaintiffs also added US Capital principals Jeffrey Sweeney, Charles Towle, and Patrick Steele as defendants. *Id.*

### C. The Instant Motions

The undersigned Magistrate Judge held a hearing on the pending referred motions on November 29, 2022, and now issues this written order confirming the rulings made from the bench.

During the hearing, the parties informed the Court that they have resolved Plaintiff's Motion for Substitute Service of Process, Plaintiffs' Motion to Compel the Deposition of Patrick Steele, and US Capital's Motion for a Protective Order as to Defendant Towle. Specifically, US Capital and Defendant Towle have been served (*see* Dkt. 61); defense counsel James Woodall told the Court that he represents Defendant Sweeney in this case and agreed to accept service of process on him; and the parties have agreed to deposition arrangements for Defendants Steele (*see* Dkt. 79) and Towle. Accordingly, Plaintiff's Motion for Substitute Service of Process (Dkt. 58),[1] Plaintiffs' Motion to Compel the Deposition of Patrick Steele (Dkt. 73), and US Capital's Motion for a Protective Order as to Defendant Towle (Dkt. 60 in part) are hereby **DISMISSED** as moot.

The Court proceeds to address the only discovery dispute remaining for resolution: Defendant US Capital's Motion for Protective Order under Federal Rule of Civil Procedure 26 seeking to quash the deposition of Defendant Sweeney. Dkt. 60.

## II. Legal Standards

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Accordingly, "the scope of discovery is broad." *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

---

[1] Although Plaintiffs' Motion for Substitute Service of Process is moot, the Court agrees with US Capital that Plaintiff's Exhibit No. 1 (Dkt. 58-1) contains inadvertently disclosed email communications. Accordingly, the Court hereby **ORDERS** the Clerk to **STRIKE** from the record Dkt. 58-1 and Noble's Reply in Support of Motion for Substitute Service (Dkt. 61), which discusses the exhibit in detail.

4

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

A trial court has "broad" and "considerable discretion" in ruling on discovery matters. *Equal Emp't Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 569 (5th Cir. 1996)).

### III. Analysis

Pursuant to Rule 30(b)(6), on October 28, 2022, Plaintiffs served a deposition notice on US Capital requiring the appearance of Defendant Sweeney,[2] one of US Capital's officers and corporate representatives, for a videotaped deposition on November 16, 2022, "at DLA Piper LLP (US), 303 Colorado Street, Suite 3000, Austin, Texas 78701." Dkt. 60-1. In response, US Capital filed the instant Motion for Protective Order seeking to quash the deposition notice and order that it "be re-noticed at a mutually agreeable date at [US Capital's] principal place of business, or by videoconference." Dkt. 60 at 1. US Capital argues that the deposition should be taken in San Francisco, California, where US Capital has its principal place of business. US Capital also contends that Sweeney will be unavailable on November 16, 2022 because "he will be in London." *Id.* at 4.

---

[2] Defendant Sweeney resides in Santa Barbara, California.

5

### A. Location of the Deposition

"It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (cleaned up). A plaintiff seeking to depose the corporate representative at a location other than the corporation's principal place of business must show "good cause" or "peculiar circumstances" that would justify the request. *Id.*; *Espinosa v. Stevens Tanker Div., LLC*, No. SA-15-CV-879-XR, 2017 WL 1417407, at *2 (W.D. Tex. Apr. 20, 2017). District courts have looked to the following factors to determine whether the plaintiff has shown good cause: (1) whether counsel for the parties are located in the forum district; (2) whether the deposing party is seeking to depose only one corporate representative; (3) whether the corporation chose a corporate representative who resides outside the location of the principal place of business and the forum district; (4) whether significant discovery disputes may arise and there is an anticipated necessity of resolution by the forum court; and (5) whether the claim's nature and the parties' relationship is such that an appropriate adjustment of the equities favors a deposition site in the forum district. *Espinosa*, 2017 WL 1417407, at *2 (citing *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992), *aff'd sub nom. Resolution Trust v. Worldwide*, 992 F.2d 325 (5th Cir. 1993)).

Four of the five factors weigh against Plaintiffs' request to depose Sweeney in Austin: Counsel of record are not located in Austin; Plaintiffs are seeking to depose two corporate representatives; Sweeney and Towle both live in California; and there are no equites in this case that justify their request. As to the fourth factor, while discovery disputes have arisen in this case, that does not outweigh the other factors. Accordingly, Sweeney's deposition should be taken in San Francisco, California, at US Capital's principal place of business.

### B. Timing of the Deposition

US Capital stated in its motion for protective order that Sweeney would be unavailable on November 16, 2022 because "he will be in London." Dkt. 60 at 4. At the hearing, US Capital's counsel of record told the Court that Sweeney would be unavailable for a deposition for the remainder of 2022 because he will be in London, Dubai, and on a family ski trip.

The Court is mindful that on August 1, 2022, the parties submitted a joint agreed scheduling order proposing to set the close of discovery for December 15, 2022. Dkt. 31. The District Court entered the scheduling order on September 28, 2022. Dkt. 39. On October 28, 2022, Plaintiffs noticed Sweeney's deposition for November 16, 2022, Dkt. 60-1, and told defense counsel: "Plaintiffs are amenable to adjusting the date if not convenient." Dkt. 60-2. Defense counsel did not raise any scheduling issues for two full weeks. On the afternoon of Friday, November 11, 2022 – a federal holiday just five days before the noticed deposition – defense counsel sent an email stating that Sweeney "will be out of the country until December 6th." Dkt. 60-3. The record discloses no indication prior to the hearing that Sweeney, one of US Capital's principals, intended to be unavailable for deposition for the remainder of the agreed discovery period.

In view of these facts, the Court finds that Sweeney's recent travel plans fail to demonstrate good cause to quash the deposition under Rule 26. *See Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").

Because US Capital has failed to present good cause to quash the deposition, the Court **DENIES** the Motion for Protective Order (Dkt. 60) and **ORDERS** US Capital to present its corporate representative Jeffrey Sweeney, in person, for a videotaped deposition in San Francisco, California on or before the close of discovery on December 15, 2022.

## IV. Conclusion

In summary: Plaintiff's Motion for Substitute Service of Process (Dkt. 58) and Plaintiff's Opposed Motion to Compel Deposition of Patrick Steele (Dk. 73) are **DISMISSED** as **MOOT**.

Defendant US Capital's Emergency Opposed Expedited Motion for Protective Order (Dkt. 60) is **DENIED IN PART** and **DISMISSED IN PART**. The Court **DISMISSES** as **MOOT** US Capital's Motion for Protective Order as to Defendant Charles Towle and **DENIES** the Motion for Protective Order as to Defendant Jeffrey Sweeney. The Court **ORDERS** US Capital to present Jeffrey Sweeney, in person, for a videotaped deposition in San Francisco, California on or before December 15, 2022.

The Court **ORDERS** the Clerk to **STRIKE** Dkt. 58-1 and Dkt. 61 from the record.

It is **FURTHER ORDERED** that this case be **REMOVED** from the undersigned Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Robert Pitman.

**SIGNED** on November 30, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE