# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| NOBLE CAPITAL FUND MANAGEMENT, LLC, TXPLCFQ, LLC, and TXPLCFNQ, LLC,<br>*Plaintiffs*<br><br>v.<br><br>US CAPITAL GLOBAL INVESTMENT MANAGEMENT, LLC *f/k/a* US CAPITAL INVESTMENT MANAGEMENT, LLC, and NOBLE CAPITAL TEXAS REAL ESTATE INCOME FUND LP,<br>*Consolidated Plaintiffs*<br><br>v.<br><br>US CAPITAL GLOBAL INVESTMENT MANAGEMENT, LLC *f/k/a* US CAPITAL INVESTMENT MANAGEMENT, LLC, US CAPTIAL PARTNERS, INC., JEFFREY SWEENEY, CHARLES TOWLE, and PATRICK STEELE<br>*Defendants*<br><br>v.<br><br>NOBLE CAPITAL FUND MANAGEMENT, LLC, CHRIS RAGLAND, ROMNEY NAVARRO, GRADY COLLINS, JADON NEWMAN, RAGLAND HOLDINGS, LLC, NOBLE CAPITAL GROUP, LLC, NOBLE CAPITAL FUND MANAGEMENT, LLC, NOBLE CAPITAL PROPERTIES, LLC, NOBLE CAPITAL SERVICING, LLC, NOBLE CAPITAL REAL ESTATE, LLC f/k/a/ EMERGE REAL ESTATE GROUP, LLC, STREAMLINE FUNDING GROUP, LLC, NOBLE CAPITAL REO, LLC, NOBLE CAPITAL INCOME FUND III, LLC, NOBLE CAPITAL INCOME FUND II, LLC, JOHN DOES 1-50, and NOBLE CAPITAL REAL ESTATE HOLDINGS, LLC,<br>*Consolidated Defendants* | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **Consolidated Case No. 1:20-CV-01247-DAE** |

# **ORDER**

Now before the Court are Plaintiff's Motion to Compel Discovery, filed October 29, 2024 (Dkt. 158), and Plaintiffs' Unopposed Motion for Leave to Extend Deadline to Respond to Motion to Compel, filed November 4, 2024 (Dkt. 159). By Text Orders issued October 30 and November 5, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

The motion to compel is filed on behalf of Plaintiff Noble Capital Texas Real Estate Income Fund, LP. Dkt. 158 at 1. Its certificate of conference states, in its entirety:

> I hereby certify that prior to filing this motion, efforts were made via emails on August 7, 2024, and October 1, 2024, to communicate with counsel for the individual Defendants regarding their responses to the discovery requests at issue, including communications seeking production of documents that the Defendants agreed to produce. See Exhibit F. The Defendants have not responded to said communications.

*Id.* at 14 (footnote omitted). The cited exhibit consists of emails demanding compliance and lacking any substantive discussion of the issues or other attempts to resolve the discovery dispute. Dkt. 158-6.

This is insufficient to satisfy the good-faith conference requirement of Local Rule CV-7(g), which provides, in relevant part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

Parties "do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Patel v. Shipper Servs. Express*, No. 5:20-cv-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020) (Garcia, C.J.). "Good faith" requires a genuine attempt to resolve the dispute through non-judicial means. *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012); *see also McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLG, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse").

If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement. *Paulk v. Fries*, No. SA-12-CV-1001-FB, 2013 WL 12129935, at *3 (W.D. Tex. Apr. 9, 2013). Plaintiff Noble Capital Texas Real Estate Income Fund, LP. fails to show that judicial intervention is required to obtain the discovery it seeks. *See Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (Pitman, M.J.) (dismissing motion to compel as premature).

For these reasons, the Court **DENIES** Plaintiff's Motion to Compel Discovery for failure to confer without prejudice to refiling (Dkt. 158) and **DISMISSES AS MOOT** Plaintiffs' Unopposed Motion for Leave to Extend Deadline to Respond to Motion to Compel (Dkt. 159).[1]

---

[1] The Court also observes that the signature block for the motion to compel identifies counsel as "Attorney for Plaintiff William M. 'Bill' Danton," who is not a party to this consolidated case. Dkt. 158 at 14. More significantly, the motion for extension of time to respond is styled as Plaintiffs' motion, but is filed on behalf of individual Defendants Chris Ragland, Jadon Newman, Grady Collins, and Romney Navarro. Dkt. 159. While the former may be merely a typographical error, given the large number of parties to this consolidated case and the confusion generated by such misidentification, the Court urges counsel to clearly identify their clients in all future filings.

**IT IS FURTHER ORDERED** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on November 7, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE